WALLACE
v.
SMITH.

</div>

---

### John B. Wallace v. H. F. Smith.

The Act of 21st March, 1850, which gives the landlord a summary process for the expulsion of a tenant is not in violation of Articles 118 and 119 of the Constitution of 1845.

Proceedings under this statute are summary, and are tried without a jury.

When, after prayer for trial by jury, the parties proceed to trial without a jury, and no bill of exceptions is taken, it will be presumed that the jury is waived.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Whittaker*, for plaintiff. *Livingston*, for defendant and appellant.

BUCHANAN, J.[*] This is a suit by summary process instituted by a landlord against his tenant, under the Act of 21st March, 1850, to expel him from the premises leased.

The petition alleges the lease to have been by the month, and that the notice required by the Civil Code in such cases had been given before the institution of the suit.

The answer pleaded a contract of lease, different in its terms from that set forth in the petition.

Upon these pleadings the parties went to trial, and judgment having been rendered in favor of plaintiff, the defendant has appealed.

The cause is before us upon a statement of facts. From this, it appears, that the plaintiff *substantiated* the material allegations of his petition by evidence in the Court below; and that a witness named *Morgan* was examined for defendant, who swore that he heard plaintiff say the defendant might keep the premises until improvements were made, and that he should receive sixty days notice to quit. The statement of facts also shows that this witness, *Morgan*, had made, on the trial of another suit between the parties, statements inconsistent with the evidence given by him in this cause. We agree with the Judge of the District Court that no credit is to be given to the evidence of this witness. The judgment of the Court below is fully sustained by the other evidence.

The appellant appears to rely upon an exception, filed by him, of unconstitutionality of the law on which these proceedings are based. The 118th and 119th Articles of the Constitution of 1845, it is contended by him, are violated by this law.

We have examined those articles, in connection with the statute of March 21st, 1850, and perceive no foundation for the plea.

---

[*] OGDEN, J., declined sitting, and CAMPBELL, J., was absent on the trial of this cause.

The appellant also urges that his answer contained a prayer for trial by jury, which was denied him.

The present action is summary, and summary cases are tried without the intervention of a jury. C. Pr. 757. In addition to which, it may be observed that the parties seem to have gone to trial, in the Court below, before the Judge alone, without any opposition made on either side to that form of trial. In the absence of a bill of exceptions, we are bound to presume that the defendant waived his prayer for a jury.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.